USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __2/8/2021__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**MIRABEL, ET AL.,**

                **Plaintiffs,**

-against-

**TWIN AMERICA LLC, ET AL.,**

                **Defendants.**

**1:15-cv-05086-ALC-KNF**

## FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' CONSENT MOTION TO CERTIFY CLASS FOR FINAL CLASS CERTIFICATION, APPROVAL OF CLASS SETTLEMENT AGREEMENT, CLASS COUNSEL'S FEES, SERVICE AWARDS AND ADMINISTRATION COSTS

**ANDREW L. CARTER, JR., United States District Judge:**

Named Plaintiffs Mariano Mirabel and William Hylton brought this action in 2015 seeking to represent themselves and similarly situated dispatchers who worked for Twin America, LLC d/b/a City Sights and/or JAD Transportation, Inc. from January 1, 2009 to December 31, 2013. On May 26, 2020, Plaintiffs filed a Consent Motion for Preliminary Approval of Class Certification, Settlement Agreement, Class Notice, Class Counsel and Claims Administrator ("Consent Motion for Preliminary Approval"). ECF No. 59. This Consent Motion for Preliminary Approval was supplemented by a further submission by Plaintiff on August 27, 2020. ECF No. 64. The Court granted the Consent Motion for Preliminary Approval on September 18, 2020. ECF No. 65 ("Preliminary Approval Order").

On January 7, 2021, the Parties filed a Consent Motion to Certify Class for Final Class Certification, Approval of Class Settlement Agreement, Class Counsel's Fees, Service Awards and Administration Costs ("Consent Motion for Final Approval"). ECF No. 66. A Fairness Hearing was held on January 21, 2021, where there were no objections or opt outs. At the Fairness Hearing,

1

the Parties agreed to remove a clause restricting statements to the media from the settlement agreement. The removal of this clause is reflected in the version of the Settlement Agreement and Release filed on February 4, 2021. ECF No. 71 ("Revised Settlement Agreement").

Upon consideration of the Consent Motion for Final Approval, the documents and declarations filed in support thereof, the Fairness Hearing, and the Revised Settlement Agreement, and for good cause shown,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

A. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms as set forth in the Revised Settlement Agreement.
B. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.
C. Pursuant to Rule 23, the Court confirms as final its certification of the Class for settlement purposes based on its findings in the Preliminary Approval Order and in the absence of any objections from Class Members to such certification.
D. Pursuant to 29 § U.S.C. 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA.
E. The Court confirms as final the appointment of Plaintiffs Mariano Mirabel and William Hylton as representatives of the Class, both under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216(b).
F. The Court likewise confirms as final the appointment of The Law Offices of Anthony Ofodile as Class Counsel for the Class pursuant to Federal Rule of Civil Procedure 23 and for the collective members pursuant to 29 U.S.C. § 216(b).

G. The Court finds that the Notice distributed to class and collective members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

H. Pursuant to Rule 23(e), this Court hereby grants the Consent Motion for Final Approval and finally approves the settlement as set forth in the Revised Settlement Agreement. The Court finds that the settlement is fair, reasonable and adequate in all respects and that it is binding on Class Members who did not timely opt out pursuant to the procedures set forth in the Preliminary Approval Order. The Court specifically finds that the settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation.

I. The Court finds that the proposed settlement is procedurally fair because it was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiffs' claims through factual and legal investigation. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

J. The settlement is also substantively fair. All of the factors set forth in *Grinnell*, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). Therefore, the Court finds that the settlement is adequate given: (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) that the total

settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

K. The Court also finds that the class's reaction to the settlement was positive, as no Class Member objected to the settlement.

L. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Revised Settlement Agreement by which payments are to be calculated and made to Class Members who did not timely opt out are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Revised Settlement Agreement.

M. For the reasons set forth in the preceding paragraphs, the Court also finds that the settlement is fair and reasonable within the meaning of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

N. The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $148,573.00 in fees and costs, less than 30% of the Settlement Fund, which the Court finds to be fair and reasonable based on: (A) the number of hours worked by Class Counsel during the Litigation; (B) the results achieved on behalf of the Class; (C) the contingent nature of Class Counsel's representation; (D) the complexity of the issues raised by the Litigation; (E) a lodestar cross check; and (F) Class Counsel's recognized experience and expertise in the market. The Court finds Class Counsel's hourly rates to be reasonable. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

O. The Court approves and finds reasonable the two service awards for the named plaintiffs Mariano Mirabel and William Hylton each in the amount of $10,000, in recognition of the services they rendered on behalf of the class. These amounts shall be paid from the Settlement Fund, subject to the terms of the Revised Settlement Agreement.

P. The Court approves and finds reasonable the payment of the Settlement Administrator's fees in the amount of $13,466.00, which shall be paid out of the Settlement Fund, according to the terms of the Revised Settlement Agreement.

Q. The Court hereby fully and finally dismisses this matter and Litigation in its entirety and with prejudice.

**SO ORDERED.**

**Dated**:   February 8, 2021
             New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**